## FREDERICK C. HARTSON *vs*. FIRST DIVISION OF ST. PAUL & PACIFIC RAILROAD COMPANY.

### May 13, 1875.

Charge of Court—Duty of Party wishing Instructions given to be separately considered by Jury.—The court below, at the request of the plaintiff, instructed the jury upon four separate and distinct propositions, the first two containing only statements of facts not disputed, the last two, propositions of law conceded to be correct. *Held*, that if the defendant claims that, in considering the last two propositions, the jury had no right to take into account the facts stated in the first two, and claims that the jury may be led to do so by the fact that the court has stated those facts, it should ask the court to give such instruction as would guard against it, and, not having done so, cannot insist upon it in this court.

Action for the price of a large quantity of cord-wood, alleged to have been sold and delivered by plaintiff to defendant, at Brainerd, in this state. Defence, a general denial. Trial in the district court for Hennepin county, before *Vanderburgh*, J., when the following facts appeared: The contract for the wood was made with the plaintiff by one Jackson, under directions from F. R. Delano, who was the defendant's superintendent, and whose duty it was, as superintendent, to procure wood for his railroad. Monthly estimates of the quantity delivered by plaintiff were made by Delano, and by Sewall, who had succeeded him as defendant's superintendent, and upon these estimates various payments were made by J. H. Randall, defendant's cashier.

The wood contracted for was intended to be used in the

construction of a piece of railroad, known as the Brainerd Branch, from Sauk Rapids, the terminus of defendant's branch line, to Brainerd, on the line of the Northern Pacific Railroad, a distance of about fifty-five miles, and was delivered along this road, from one to eight miles from Brainerd. This piece of road was part of the line authorized to be constructed and operated by the St. Paul & Pacific Railroad Co., a corporation distinct from defendant. By contract between the two companies, bearing date April 1, 1871, it was agreed that defendant should build and equip the road from Sauk Rapids to Brainerd, out of the proceeds of bonds to be issued by defendant, and to be secured by a mortgage on the road and land grant, to be executed by the St. Paul & Pacific Railroad Co., and that defendant should have a lease of the road for 99 years, which lease was executed at the same time with the contract.

By a contract between defendant and W. G. Moorhead of Philadelphia, the latter agreed to construct the road to Brainerd, with money to be furnished by defendant from the proceeds of the bonds before mentioned. G. L. Becker, the defendant's president, was appointed by Moorhead as his agent to make all disbursements in Minnesota under the contract, and to take charge of the construction of the road, which he did. In contracting for the wood, Delano acted under directions from Becker, who testified that in directing the purchase of wood, he was acting for Moorhead; that the wood was purchased for construction account, and paid for out of construction moneys, and that Randall, the defendant's cashier, acted as disbursing agent for him in making payments for Moorhead.

Certain receipts given by plaintiff were, with other evidence, introduced by defendant, for the purpose of showing that plaintiff, when he made the contract, supposed that the wood was wanted for the St. Paul & Pacific Railroad Co., and that then and afterwards he supposed he was dealing with that company and with Moorhead, and not with defendant. This evidence was met by plaintiff with counter-

evidence, tending to prove that he always supposed he was dealing with the defendant through its officers.

The plaintiff requested the following instructions:

1. It appears from the evidence that the defendant was the lessee of what is called the Brainerd Branch, after the first day of April, 1871, under a contract to construct and equip that road, and having the right to use and operate the same, when built, for the period of ninety-nine years from the date of the lease.

2. It appears also that Mr. Delano was superintendent of the First Division of the St. Paul & Pacific Railroad when he employed Jackson to contract for such wood, and that part of his duty was to procure fuel for the operation of the road.

3. If the jury find that Delano so conveyed his instructions to Jackson that Jackson understood that the wood was to be procured for defendant, and contracted with the plaintiff, giving plaintiff to understand that he was acting for defendant under the direction of defendant's superintendent, and that plaintiff, under these circumstances, made and carried out the contract in good faith, believing his contract to be with defendant, the defendant is liable.

4. It being within the general scope of Delano's duties as superintendent to buy wood for his company, if he made a purchase of wood, under such circumstances as to justify the person he was dealing with in believing the purchase to be for the company, then the company is liable.

Each of these instructions was given and excepted to. The jury found for the plaintiff, a new trial was denied, and defendant appealed.

*Bigelow, Flandrau & Clark,* for appellant.

*Lochren, McNair & Gilfillan,* for respondent.

GILFILLAN, C. J.   This is an appeal from an order denying a new trial. The action was to recover the contract price for a lot of wood furnished, as plaintiff alleges, to defendant. The points made here are that the court below erred in giving to the jury certain instructions requested by

plaintiff, and that there is not sufficient evidence to justify the verdict.

The plaintiff, at the trial, made to the court four separate and distinct requests for it to charge, and the court gave the charges as requested. The first two contained only propositions of fact, the facts stated in them being undisputed. The second two contained propositions of law conceded to be correct, the facts referred to in them, as the basis of the propositions of law, being other than those stated in the first two requests. It is conceded that each of the four requests, by itself, is correct; but it is contended that, in finding upon the third and fourth requests, the jury ought not to have considered at all the facts stated in the first two, and that, from the court charging with respect to those facts, the jury may have been misled to believe that they might so consider them. It is barely possible that they may have been so misled. If the defendant apprehended danger of that, it ought to have called the attention of the court below to it, by a request to charge that, in passing upon the last two instructions, the jury should disregard the facts stated in the first two, and not having done so, defendant cannot insist upon it here.

As we sustain the decision of the trial court on the sufficiency of the evidence to justify the verdict, we do not deem it necessary to discuss it in detail. There was enough to leave the case to the jury. The order appealed from is affirmed.